UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID ROBINSON,

        Petitioner,

v.

WARDEN STEVIE KNIGHT,

        Respondent.

Civil Action No. 23-2615 (KMW)

**MEMORANDUM ORDER**

    This matter comes before the Court on Petitioner David Robinson's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed responses to the petition (ECF Nos. 12, 16), to which Petitioner replied. (ECF Nos. 13, 19-20.) By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his petition, Petitioner seeks to challenge both the BOP's decision to deny him home confinement under the CARES Act, as well as to challenge the calculation of credits he had earned under the First Step Act. (*Id.*)

    On December 11, 2024, the Government submitted a new letter updating the Court to the fact that Petitioner has now been released from BOP custody. (ECF No. 22.) Documents the Government attached to that letter clearly indicate that the BOP released Petitioner from its custody on December 6, 2024, and that Petitioner is thus no longer subject to BOP detention, and can no longer be placed in home confinement or receive additional credits towards early release or placement. (*Id.* at 3-7.) Because Petitioner may no longer receive any relief through his habeas claims as a result, the Government requests that this matter be dismissed as moot. (*Id.* at 1-2.)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from prison, a habeas challenge to some aspect of his prison confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). In this case, Petitioner has now been released from BOP custody, and can no longer be placed in home confinement or receive the benefit of any additional credits towards early release or home confinement. Thus, Petitioner lacks a continuing, redressable injury and this Court can no longer provide him with meaningful relief in this habeas matter. Petitioner's habeas petition is therefore moot, and must be dismissed as such.

**IT IS THEREFORE** on this _30th_ day of December, 2024,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge